*E-FILED 10/29/07*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AQUA-LUNG AMERICA, INC., | NO. C 07-2346 RS |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS COUNTERCLAIMS** |
| v. | |
| AMERICAN UNDERWATER PRODUCTS, INC., et al, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Aqua-Lung America Inc. moves to dismiss the third and fourth claims for relief asserted in the counterclaim of defendant Two-Forty Deuce Corporation. Pursuant to Civil Local Rule 7-1 (b), the Court finds this matter suitable for disposition without oral argument. For the reasons set forth below, the motion is denied.

## II. BACKGROUND

Plaintiff Aqua-Lung brought this action for declaratory relief seeking a declaration of non-infringement and invalidity of certain patents held by Two-Forty Deuce Corporation and licensed to defendant American Underwater Products. Shane Taylor is apparently the principal of Two-Forty Deuce, and the original owner of the patents-in-suit. Aqua-Lung contends that PTO records show

1

assignment of *one* of the patents in suit from Taylor to Two-Forty, but not the others.[1]

Two-Forty counterclaims for infringement and for misappropriation of trade secrets and fraud. Two-Forty contends that Taylor approached Aqua-Lung to discuss a valve technology he was developing and seeking to patent, apparently in the hope of entering into a business arrangement with Aqua-Lung. Instead, Aqua-Lung allegedly used the confidential information it gained to develop its own, infringing, technology

The present motion to dismiss is grounded on Aqua-Lung's arguments that: (1) the counts of the counterclaim brought under state law for misappropriation of trade secrets and fraud are not closely enough connected to the patent claims to support supplemental jurisdiction, and (2) the counterclaim fails to allege expressly any assignment from Taylor to Two-Forty of the rights involved.

Aqua-Lung contends that as a result, those counts of the counterclaim are subject to dismissal under Rule 12(b)(1) of the Rules of Civil Procedure (lack of subject matter jurisdiction), Rule 12(b)(6) (failure to state a claim), and/or Rule 12(b)(7) (failure to join a necessary party–i.e., Shane Taylor). Although neither the notice of the motion nor its caption refers to Rule 56, Aqua-Lung also makes a passing request that its motion be treated as one for summary judgment, in the alternative.

III. DISCUSSION

Aqua-Lung's assertion that Two-Forty's misappropriation and fraud counterclaims are so disconnected from its patent claims as to preclude supplemental jurisdiction is made without meaningful analysis or citation to authority. From the cursory briefing, and review of the counterclaim, it appears that those claims *do* arise from the same nucleus of operative facts such that exercising supplemental jurisdiction over them is appropriate. See 28 U.S.C. § 1367 ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under

---
[1] Aqua-Lung does not support this assertion, made in its reply brief, with any citation to evidence.

2

Article III of the United States Constitution.") Aqua-Lung may be correct that resolution of the state law claims will not require the Court to "determine substantial issues of patent law," but that is not the test for supplemental jurisdiction. Aqua-Lung has failed to show that the state law claims are not "part of the same case or controversy," which is all that Two-Forty is required to advance.

Aqua-Lung's contention that the counterclaim does not adequately plead an "assignment" from Taylor to Two-Forty is similarly unavailing. The Counterclaim identifies Taylor as Two-Forty's "predecessor in interest," thereby putting Aqua-Lung on notice of the basis for the claims. See Fed. R. Civ. Pro 8.[2]

Finally, Aqua-Lung's three-sentence reference in the body of its brief to summary judgment is insufficient to shift the burden to Two-Forty to produce evidence in support of its claims. Accordingly, the motion is denied.

## IV.  CONCLUSION

Aqua-Lung's motion to dismiss is denied.

IT IS SO ORDERED.

Dated: October 29, 2007

_____
RICHARD SEEBORG
United States Magistrate Judge

---

[2] Aqua-Lung correctly notes that the fraud claim is subject to the heightened particularity pleading requirements of Rule 9. Aqua-Lung, has not challenged the adequacy of the pleading as to the alleged *misrepresentations*; it only questions whether the right to bring the claim rests in Two-Forty as opposed to Taylor. That issue is outside the Scope of Rule 9. See Rule 9(b) (requiring only that, "the circumstances constituting fraud or mistake shall be stated with particularity.")

ORDER DENYING MOTION TO DISMISS
C 07-2346 RS

3

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Karen Boyd      karen@kiboyd.com

A. James Isbester      jamie@iandalaw.com, donna@itpatentcounsel.com

Joel A Kauth      joel.kauth@kppb.com

Douglas V. Rigler      drigler@young-thompson.com

Gillian Winifred Thackray      gillian@itpatentcounsel.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 10/29/07**                                                                 **Chambers of Judge Richard Seeborg**

                                                                                       **By:      /s/ BAK**

ORDER DENYING MOTION TO DISMISS
C 07-2346 RS

4