*E-FILED 8/29/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AQUA-LUNG AMERICA, INC., | NO. C 07-2346 RS |
| Plaintiff, | **ORDER GRANTING MOTION FOR LEAVE TO CONTINUE DEPOSITION** |
| v. | |
| AMERICAN UNDERWATER PRODUCTS, INC., et al, | |
| Defendants. | |

Plaintiff Aqua-Lung America, Inc. ("Aqua-Lung") moves for leave to depose defendant Two Forty Deuce Corporation ("TFD") with Sean Taylor appearing as TFD's designated deponent pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Aqua-Lung previously deposed TFD with Taylor appearing as TFD's designated deponent on June 23, 2008. Another deposition is scheduled for August 22, 2008, for Taylor individually. Aqua-Lung seeks one additional seven-hour day in which to depose TFD with Taylor appearing as TFD's designated deponent. For the reasons set forth below, the motion is granted.

This motion arises out of Aqua-Lung's case for declaratory relief seeking a declaration of non-infringement and invalidity of certain patents TFD holds and has licensed to defendant American Underwater Products. Taylor is TFD's principal, and the original owner of the patents-in-suit. Aqua-Lung contends that PTO records show assignment of *one* of the patents in suit from Taylor to TFD, but not the others. TFD counterclaims for infringement and for misappropriation of

1

1 trade secrets and fraud.  TFD contends that Taylor approached Aqua-Lung to discuss a valve
2 technology he was developing and seeking to patent, apparently in the hope of entering into a
3 business arrangement with Aqua-Lung.  Instead, according to TFD, Aqua-Lung used the confidential
4 information it gained to develop its own, infringing, technology.

5      In the instant motion, Aqua-Lung maintains that at TFD's June 23, 2008 deposition it was
6 unable to examine the full range of issues behind Aqua-Lung's infringement, misappropriation, and
7 fraud claims.  Including the scheduled August 22, 2008 deposition, TFD argues that requiring Taylor
8 to appear at three depositions is unduly burdensome and not needed for a full and fair examination of
9 the deponent.

10      Rule 30(d)(1) limits a deposition to one day of seven hours unless stipulated by the parties or
11 by court order.  Rule 30(d)(1) also provides that the court must allow additional time consistent with
12 Rule 26(b)(2) if needed to examine the deponent fairly.  Here, a large portion of the June 23, 2008
13 deposition was used to examine and question Taylor about prototypes and other objects TFD
14 produced for the first time at the deposition.  The remaining portion of the deposition related to
15 documentary evidence TFD produced.  After examining the prototypes, Aqua-Lung was only able to
16 ask Taylor questions on half of the documentary evidence before the time limit.  Therefore, TFD
17 demonstrates good cause that another deposition is needed to fairly examine the deponent.

18      Accordingly, Aqua-Lung's  motion for leave to depose TFD is granted.
19      IT IS SO ORDERED.

21 Dated: August 29, 2008

     RICHARD SEEBORG
22      United States Magistrate Judge

ORDER GRANTING MOTION FOR LEAVE TO CONTINUE DEPOSITION
C 07-2346 RS

**2**

1  **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

2  A. James Isbester    jamie@itpatentcounsel.com, donna@itpatentcounsel.com

3  Douglas V. Rigler    drigler@young-thompson.com

4  Gillian Winifred Thackray    gillian@itpatentcounsel.com

5  Joel A Kauth    joel.kauth@kppb.com

7  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

9  **Dated: 8/29/08**                                         **Richard W. Wieking, Clerk**

                                                              **By:    Chambers**

ORDER GRANTING MOTION FOR LEAVE TO CONTINUE DEPOSITION
C 07-2346 RS

3