**\*\*E-filed 07/28/2010\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

AQUA-LUNG AMERICA, INC.,

    Plaintiff,

v.

AMERICAN UNDERWATER
PRODUCTS, INC., et al.,

    Defendants.
_____/

No. C 07-2346 RS (HRL)

**ORDER DENYING MOTIONS FOR LEAVE TO SEEK RECONSIDERATION**

I. INTRODUCTION

On April 28, 2010, the Court entered an order granting in part and denying in part the parties' respective cross-motions for summary judgment on various issues in this patent infringement action. Pursuant to Civil Local Rule 7-9(d), plaintiff Aqua-Lung America, Inc. thereafter sought leave to file two motions for reconsideration addressing certain aspects of that order. The Court then issued an order that did not decide whether leave to seek reconsideration should be granted, but directing defendants to respond to Aqua-Lung's motions seeking leave. Defendants filed a consolidated opposition addressing both the question of whether the prerequisites for reconsideration had been satisfied, and arguing that on the merits no different result is warranted.

With respect to one of the motions for leave to seek reconsideration, Aqua-Lung has failed to show that any basis for reconsideration exists. With respect to the other, Aqua-Lung is correct

that the Court's order did not expressly address one argument it made in support of its underlying motion, but it fails to establish that the argument would have been dispositive. Accordingly, the motions for leave to seek reconsideration will be denied.

## II. DISCUSSION[1]

A. Reconsideration of order denying summary judgment on trade secret misappropriation claim

Aqua-Lung first challenges that portion of the April 28, 2010 order that denied summary judgment on defendants' counterclaim for trade secret misappropriation. Its argument is primarily based on the contention that the Court erred in relying on evidence from Dr. Forrest McDuff suggesting that Aqua-Lung may have gained a six-month "head start" in bringing to market products incorporating the allegedly misappropriated technology. Aqua-Lung argues that Dr. McDuff was an *economic* expert with an inadequate basis for so opining. The misappropriation claim may indeed rest on a particularly thin reed, but given the evidence that Aqua-Lung was in possession of the alleged trade secrets and that it was able to bring its devices to market in advance of defendants, sufficient inferences arise to support the existence of triable issues of fact. The Court has *not* ruled that the trade secret claim will succeed, only that it does not fail as a matter of law on undisputed facts.

Moreover, by challenging the evidentiary value of Dr. McDuff's opinion, Aqua-Lung is arguing only that the Court's decision was incorrect. Reconsideration does not lie to permit a party merely to reargue points it lost. Rather, a party must show "a material difference in fact or law," "emergence of new material facts or a change of law," or a "manifest failure by the Court to consider material facts or dispositive legal arguments." Civil Local Rule 7-9(b)(1)-(3). Aqua-Lung's challenge does not meet any of these criteria.

Aqua-Lung does suggest that it presented other arguments that the Court did not adequately take into account in reaching its decision. The April 28, 2010 order, however, expressly held that defendants had "also made a preliminary showing of fact as to the other elements of trade secret

---

[1] The factual background of this action is set out in the April 28, 2010 order, and will not be repeated here.

2

misappropriation." April 28, 2010 order at 20:25-26. As such, Aqua-Lung's complaint is not that the Court failed to consider dispositive legal arguments, but that it did not discuss all of them in the detail that Aqua-Lung would have preferred. That too is not a basis for reconsideration. Accordingly, leave to seek reconsideration with respect to the trade secret claim is denied.

B. <u>Reconsideration of order denying summary judgment on invalidity of '674 patent</u>

Aqua-Lung next acknowledges that the Court considered and rejected one of the two grounds on which it argued for invalidity of the '674 patent. While Aqua-Lung does not agree with that analysis, it does not seek reconsideration on that point. Aqua-Lung instead contends that the Court failed to consider and address its further argument that the patent is invalid because the specification describes only valves located within the fluid passageway, whereas the claims have been construed to reach valves that are within a "bore," but not necessarily within a passageway through which fluid flows. This contention arguably satisfies the prerequisite for reconsideration that the prior order failed to consider an argument that had been presented, but Aqua-Lung has failed to show that the argument would have been dispositive.

In connection with Aqua-Lung's other argument that the specification of the original '130 application did not disclose or teach valves operated by anything other than fluid pressure (e.g., there was no reference to, or drawings of valves operated by mechanical pressure). While the April 28, 2010 order stopped short of definitively finding that the result would be invalidity if only the original application were considered, it did rely on the new matter in the continuation in part application as the basis for denying the invalidity motion.[2] In that instance, however, the disparity

---

[2] In a footnote, Aqua-Lung argues that the April 28, 2010 order erroneously evaluated the validity of the '609 and '958 patents in light of the specifications as issued, rather than by looking to the original '130 specification to which defendants claimed priority. To the extent Aqua-Lung is suggesting that it was error to look to the specifications of the issued patents as opposed to those in *either* the original application or the continuation-in-part application, the Court did not intend to distinguish between the patent specification and the specification in the continuation application, as it is not aware of any material differences between them. To the extent Aqua-Lung is only complaining that the Court considered new matter added in the continuation application rather than looking solely to the '130 application, it has not offered any authority that a court is required to find a patent invalid *solely* as the result of a patentee having made a failed attempt to argue for a priority date based on an original application. Rather, it appears most common that courts will find invalidity after first rejecting a priority date argument and then *also* finding intervening prior art that

3

between claims for mechanically-operated valves and the original specification which described no such valves was manifest.  No similar conflict is apparent between the fact that the claims reach valves disposed within the broader term "bore" and the fact that the specification does not happen to show any embodiments where valves are not within a fluid passageway.  To be sure, valves that are operated by *fluid pressure* must, perforce, be located in a fluid passageway.  Once the new matter in the continuation application described valves operated by mechanical pressure, though, no physical reason remained that would require the valves to be within a fluid passageway.  Aqua-Lung has failed to present sufficient persuasive analysis or authority to compel a conclusion as a matter of law that the specification is insufficient merely because it did not more explicitly describe or provide an example of a valve within a bore, but not in the direct path of the fluid flow.  Accordingly, the motion for leave to seek reconsideration as to the denial of Aqua-Lung's invalidity motion is denied.

### III.  CONCLUSION

The motions for leave to seek reconsideration are denied.

Dated: 07/28/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

results in invalidity, given the later applicable priority date.  *See*, *Tronzo v. Biomet, Inc*. 156 F.3d 1154, 1158-60 (Fed. Cir. 1998) ("these claims are not entitled to the filing date of the parent application and are invalid *as anticipated by the intervening prior art*.") (emphasis added).  That said, Aqua-Lung made some valid points in its reply brief in the underlying motion that under the disclosure obligations of our Local Patent Rules, there could be unfairness and prejudice in allowing a patentee to proceed under a different priority date than it initially contended applied.  Nevertheless, because Aqua-Lung prevailed on its non-infringement arguments with respect to these patents, it is not now contending it was actually prejudiced in this instance.

4